ARMANDO COMINELLI, Respondent, *v.* J. ALFRED PISANI and Others, Copartners Doing Business under the Firm Name and Style of PISANI BROTHERS, Appellants.

Second Department, January 9, 1920.

**Master and servant — action for wrongful discharge — issue for jury.**

In an action to recover damages for wrongful discharge, *held*, that the evidence raised an issue of fact which should have been submitted to the jury, and that it was error for the court to decide the merits of the controversy itself and leave to the jury the question of damages only.

APPEAL by the defendants, J. Alfred Pisani and others, from a judgment of the Supreme Court in favor of the plaintiff,

entered in the office of the clerk of the county of Kings on or about the 22d day of May, 1919, upon the verdict of a jury.

Plaintiff sued for wrongful discharge in which he also set forth a failure to retransfer to him an exclusive selling agency which he had passed over to defendants, when he entered their employment as manager. The court decided the merits of the controversy in plaintiff's favor, and sent to the jury only the matter of damages.

*Harold H. Bowman,* for the appellants.

*Samuel A. Langfur [Rudolph Schroeder* with him on the brief], for the respondent.

PUTNAM, J.:

In this arrangement by which plaintiff entered into a business connection with defendants, he transferred to them the agency of G. Antonioli Successore. Defendants agreed that when they should decide to dispense with plaintiff's services, they were to notify G. Antonioli Successore, " leaving them free to make whatever disposition they see fit for their agency." Such agreement and trust carried a mutual duty. Neither party was to work secretly against the other in influencing this disposition of the future agency. The intercepted letter from Antonioli disclosed that plaintiff had already written there without defendants' knowledge, and perhaps had intimated that he would leave defendants' firm. On learning of this secret letter, Pisani sent the cable that arrived on May eighth. When plaintiff spoke of this discovered cable, Pisani testified that he reproached plaintiff with having first worked " behind his back." Plaintiff, however, denied that at this stormy interview his own letter had been referred to. This letter was not produced at the trial. Issues of fact having been raised, defendants' exception to sending to the jury only the matter of damages was well taken.

The judgment must be reversed and a new trial granted, with costs to abide the event.

RICH, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Judgment reversed and new trial granted, with costs to abide the event.